IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LARRY FOXWORTH | CRIMINAL ACTION NO.<br>1:22-CR-176-MHC-JKL |

### MOTION TO SUPPRESS STATEMENTS
### AND BRIEF IN SUPPORT THEREOF

NOW COMES the Defendant, LARRY FOXWORTH, by and through his undersigned counsel, Allison Cobham Dawson, who moves this Court to suppress any and all statements made by him to law enforcement officers on or about July 30, 2021, or on any other occasion, and in support thereof shows the following:

(1)

Mr. Foxworth is charged in a four count criminal indictment with two counts of willfully attempting through the use of a firearm to cause bodily injury to others because of their actual and perceived race, color and national origin, in violation of Title 18 U.S.C § 249(a)(1) and two counts of knowingly discharging, carrying and using a firearm during

1

and in relation to a crime of violence as alleged in Counts 1 and 3 of the indictment, in violation of Title 18 U.S.C § 924(c)(1)(A)(iii).

(2)

Mr. Foxworth was detained and not free to leave when without the advice of his rights, he was questioned extensively by law enforcement officers in reference to the alleged offenses. In response to their questioning, Mr. Foxworth made several incriminating statements to these agents and officers.

(3)

Prior to introducing any statement attributed to a defendant, the burden is on the Government to demonstrate that such a statement was made freely and voluntarily. Foxworth v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1969). A criminal defendant is deprived of due process if his conviction rests in full or in part upon an involuntary confession. See Foxworth, supra; Martinez v. Estelle, 612 F.2d 173, 176-77 (5th Cir. 1980); United States v. Davidson, 768 F.2d 1266, (11th Cir. 1985). The hearing mandated under Foxworth, supra "must afford the defendant an opportunity to testify regarding the inculpatory statement

out of the jury's presence without prejudice to his right not to take the stand in his defense." Jarrell v. Balkcom, 735 F.2d 1242, 1252-53 (11th Cir. 1984). It should also be remembered that a court's finding that a confession is voluntary "must appear from the record with unmistakable clarity." Sims v. Georgia, 385 U.S. 538,544, 87 S.Ct. 639,643, 17 L.Ed.2d 593 (1967).

(4)

It is not at all clear that Mr. Foxworth knowingly and voluntarily waived his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) before he was questioned.[1] Moreover, it is not clear that he was appropriately advised of those rights or whether he understood them.

(5)

Prior to interrogation, a suspect in custody must be informed "in clear and unequivocal terms that he has the right to remain silent."

---

[1] Miranda provides that law enforcement officials in custodial interrogations must inform a suspect that he has the right to remain silent, that anything he says may be used against him in court, that he has a right to an attorney, and that the state will provide him with an attorney if he cannot afford to pay for one. Jacobs v. Singletary, 952 F.2d 1282, 1291 (11th Cir. 1992), quoting Miranda, supra, at 437-74, 86 S.Ct. at 1627-28.

3

United States v. Pena, 897 F.2d 1075, 1080-81 (11th Cir. 1990), rehearing en banc denied, 907 F.2d 1145, quoting Miranda, 384 U.S. at 467-68, 86 S.Ct. at 1624-25.  "Once warnings have been given,...[if the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." Id. "The police must equally honor equivocal and clear invocations [of a suspect's right to remain silent]." Delap v. Dugger, 890 F.2d 285, 290 (11th Cir. 1989). Jacobs, 952 F.2d at 1291, quoting.

**WHEREFORE,** Mr. Foxworth requests that this Court hold a hearing to determine the voluntariness of Defendant's statements and whether he knowingly and voluntarily waived his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to have counsel present during a custodial interrogation.  See United States v. Henry, 604 F.2d 908 (5th Cir. 1979); Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977); United States v. Roark, 753 F.2d 991, 993 (11th Cir. 1985).

Dated: This 27th day of June, 2022.

        Respectfully Submitted,

        */s/ Allison Cobham Dawson*
        ALLISON C. DAWSON
        GEORGIA BAR NO. 171940
        Federal Defender Program, Inc.
        Centennial Tower, Suite 1500
        101 Marietta Street, N.W.
        Atlanta, Georgia 30303
        (404) 688-7530
        Allison_Dawson@fd.org

        Attorney for Mr. Foxworth